# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DONNA EVANS, KRISTINA GADDIS,**
**BRANDIE HAMMOCK,**

                     **Plaintiffs,**

**-vs-**                                                     **Case No. 6:08-cv-65-Orl-28KRS**

**WILLCO OF ORLANDO, INC., ERIC**
**SOPP, THERESA SOPP,**

                       **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT (Doc. No. 33)** |
| **FILED:** | **September 29, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

    This case was brought under the Fair Labor Standards Act (FLSA). 29 U.S.C. § 201, *et seq.* In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id*. at 1353.


This case was brought by three individuals, Donna Evans, Kristina Gaddis, and Brandie Hammock. Doc. No. 17. In response to the Court's Interrogatories, each of the plaintiffs averred that they could not compute the amount owed without their time and pay records.[1] Doc. Nos. 9-2, 20-2, 21-2. The parties have agreed to settle by paying Evans $950.00 in unpaid wages, plus $950.00 in liquidated damages; by paying Gaddis $577.34 unpaid wages, plus $577.34 in liquidated damages; and by paying Hammock $861.50 in unpaid wages, plus $861.50 in liquidated damages. The parties have agreed to pay an additional amount to Plaintiffs' counsel as attorneys' fees.

The parties represent that they have agreed to settle this matter to avoid the costs and the uncertainty of litigation, including the viability of Defendants' affirmative defenses. The parties were counseled and represented by their respective attorneys throughout the litigation and settlement process, and they attest to the fairness and reasonableness of their settlement. Based on these representations, the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores,* 679 F.2d at 1354.

The Court need not approve the other provisions of the settlement agreement. I note that settlement agreement contains terms that this Court would not approve, such as the confidentiality agreement which is unenforceable in light of the public filing of the settlement agreement. *See* Doc. No. 33-2 at 3. Accordingly, I recommend that the Court not approve the settlement agreement as a whole or reserve jurisdiction to enforce it.

---

[1] The responses to the interrogatories raise a concern regarding whether counsel for Plaintiff made a reasonable inquiry regarding the factual underpinnings of Plaintiffs claims before filing the case, as required by Fed. R. Civ. P. 11(b). Because the case has been resolved, I recommend that the Court not explore this issue in this case.

Accordingly, I recommend that the Court do the following:

**FIND** that the compensation Plaintiffs will receive pursuant to the Settlement Agreement is a fair resolution of a bona fide dispute under the FLSA;

**DECLINE** to reserve jurisdiction to enforce the settlement agreement;

**DISMISS** the case with prejudice as to all parties; and,

**DIRECT** the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 30, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy